IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20283
Conference Calendar
_____

ANGELO KEITH CLARK,

                                        Plaintiff-Appellant,

versus

TONY LINDSAY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-3327
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:*

     Angelo Keith Clark argues that defendant Judge Tony Lindsay
denied him the right of access to the courts, the right to the
appointment of counsel, and the right to call witnesses to
testify on his behalf.  A complaint filed in forma pauperis (IFP)
may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) if
it has no arguable basis in law or in fact.  Booker v. Koonce, 2
F.3d 114, 115 (5th Cir. 1993).  This court reviews a § 1915(d)
dismissal for an abuse of discretion.  Id.

     *    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Judicial officers are entitled to absolute immunity from damages in 42 U.S.C. § 1983 actions arising out of acts performed in the exercise of their judicial functions. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).

> Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction. Thus, a judge has no immunity (1) for actions taken outside of his judicial capacity, or (2) for actions that are judicial in nature, but occur in the complete absence of all jurisdiction.

Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (citations omitted).

Except in the clear absence of jurisdiction, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356.

Judge Lindsay's actions in refusing to issue a bench warrant, denying Clark's motion for the appointment of counsel, and refusing to allow Clark to call state appellate judges to testify on his behalf were within the scope of Judge Lindsay's jurisdiction, thus affording her absolute judicial immunity. Because Clark has not demonstrated that Judge Lindsay acted in the clear absence of all jurisdiction, the district court did not abuse its discretion by dismissing Clark's complaint pursuant to § 1915(d).

AFFIRMED.